## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

```
+-----------------------------------------------------+
Nagnath Kharat,                        |
         Plaintiff,                    |       Case No.
                    -against-          |
                                       |
Marvel Studios, LLC;                   |
Sony Pictures Entertainment, Inc ;     |
Pascal Pictures, Inc;                  |
Chris McKenna                          |
Erik Sommers                           |
Justin Kuritzkes;                      |
Destin Daniel Cretton                  |
         Defendants.                   |
+-----------------------------------------------------+
```

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

(Injunctive Relief; Jury Trial Demanded)

### INTRODUCTION

1. Plaintiff Nagnath Kharat ("Plaintiff"), Proceeding *Pro se,* brings this complaint against 'Marvel Studios, LLC; Sony Pictures Entertainment, Inc.;  Pascal Pictures; Chris McKenna, Erik Sommers, Justin Kuritzkes; Destin Daniel Cretton  (collectively, "Defendants") for infringement of Plaintiff's original works, including not limited to "**Pamplona X**" *( June 2025 )* and first part of  Superhero trilogy "**TOMO**" *(Sept. 2025)* in Defendants film **Spider-Man: Brand New Day (2026)**  (the "Film"/ "Spider-Man").

THE PARTIES

2. The Plaintiff **Nagnath Kharat** is an Indian poet, songwriter, screenwriter, and film director who resides in Maharashtra state. He is a writer of *several* unpublished/ unreleased screenplays and two Self-Recorded, unrealized Albums.

3. Defendant **Marvel Studios, LLC** is a motion picture production company organised and existing under the laws of Delaware, with principal offices located in Burbank, California. Marvel Studios participated in the development, production, distribution, and/or exploitation of the motion picture *Spider-Man: Brand New Day (2026)*.

4. Defendant **Sony Pictures Entertainment Inc**. is a motion picture and entertainment company organised and existing under the laws of Delaware, with principal offices located in Culver City, California. Sony Pictures Entertainment participated in the financing, production, distribution, marketing, and/or exploitation of *Spider-Man: Brand New Day (2026)*.

5. Defendant **Pascal Pictures** is a film production company with principal offices located in California. Pascal Pictures participated in the development and production of *Spider-Man: Brand New Day (2026)*.

6. Defendant **Chris McKenna** is an individual who, upon information and belief, participated in the writing, development, and/or creation of the screenplay for *Spider-Man: Brand New Day (2026)*.

7. Defendant **Erik Sommers** is an individual who, upon information and belief, participated in the writing, development, and/or creation of the screenplay for *Spider-Man: Brand New Day (2026)*.

8. Defendant **Justin Kuritzkes** is an individual who, upon information and belief, participated in the writing, development, and/or creation of the screenplay for *Spider-Man: Brand New Day (2026)*.

9. Defendant **Destin Daniel Cretton** is an individual who, upon information and belief, served as director and participated in the development, production, and/or creative execution of *Spider-Man: Brand New Day (2026)*.

10. At all relevant times, each Defendant acted individually and/or in concert with the other Defendants and participated in the acts and conduct alleged herein.

JURISDICTION AND VENUE

11. This action arises under the Copyright Act of the United States, 17 U.S.C. §§ 101 et seq., and other applicable federal laws. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants regularly conduct business within the State of New York and within this District, have purposefully availed themselves of the privileges of conducting activities in this District, and have derived substantial revenue from the distribution, exhibition, licensing, marketing, and exploitation of motion pictures, including *Spider-Man: Brand New Day (2026)*, within this District.

13. Upon information and belief, Defendants have marketed, distributed, exhibited, licensed, promoted, and/or otherwise exploited *Spider-Man: Brand New Day (2026)* within the Southern District of New York, including through theatrical exhibition, streaming services, digital distribution platforms, advertising campaigns, and other commercial channels.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendants have transacted business, committed acts of infringement, and/or may be found in this District.

## ORIGINAL WORKS AT ISSUE

15. This action arises under the United States Copyright Act, 17 U.S.C. § 101 et seq.

16. Plaintiff is a citizen of India, and the works at issue were created and first fixed outside the United States. Accordingly, the works qualify as *"foreign works"* under 17 U.S.C. § 101 and are protected in the United States pursuant to 17 U.S.C. § 104. Under 17 U.S.C. § 411(a), registration with the United States Copyright Office is not a prerequisite to instituting an infringement action for foreign works.

17. Plaintiff is the author and owner of original literary works described herein. Although Plaintiff has not yet registered these works with the United States Copyright Office, Plaintiff is a citizen of India, a signatory nation to the Berne Convention for the Protection of Literary and Artistic Works. Pursuant to 17 U.S.C. § 104, Plaintiff's works are entitled to copyright protection in the United States.

18. Plaintiff's works, Sci-fi short film **"PAMPLONA X** (June 2025)" and first part of superhero Trilogy film **"TOMO"** (Sept. 2025) were created and fixed in tangible form in digital format. Although many of the works remain unpublished, copyright protection attaches upon creation and fixation. Plaintiff retains exclusive rights under 17 U.S.C. § 106 and § 501.

## FACT OF THE CASE

19. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff wrote the sci-fi short film "*Pamplona X*" in June 2025. This sequence was later incorporated as part of the first instalment of the superhero musical-comedy trilogy, *TOMO / My Friend TOMO*.

21. Plaintiff began developing the superhero musical-comedy *TOMO* in July 2025. On August 15, 2025, Plaintiff copyrighted SWA, the notes and materials relating to the project. The first draft was completed on or about September 6, 2025. *TOMO* is a musical-comedy superhero film centered on Tomo and Lucia, her rise as a superwoman, and was conceived as the third instalment of a trilogy.

22. In November 2025, Plaintiff began developing the second instalment of the trilogy, titled *TOMO: Mahamaya (Great Mother)*, and the third instalment, titled *TOMO: Totalmente*.

23. On or about July 7, 2026, after viewing the *Defendants* trailer, Plaintiff discovered that the trailer contained dialogue, specific plot and subplot elements, Scenes, similar shot composition, character arc, core narrative structure, and action sequences with specific selection and arrangement. Plaintiff had previously created and embodied in the superhero film *TOMO* (September 2025) and its predecessor short film, *Pamplona X* (June 2025). *(Plaintiff refers to **Exhibit A** for substantial similarity comparison).*

24. **Unique layers of storytelling and action sequences:** Plaintiff's works, *TOMO* and *Pamplona X*, reflect a distinctive ground-level and character-driven approach to the superhero genre, emphasizing authentic human experiences, layered storytelling, and musical-comedy elements that differ substantially from conventional superhero narratives. Plaintiff's writing reflects a distinctive and original creative approach that differs

substantially from the style, tone, and narrative approach employed in Defendants' prior superhero films. Even Plaintiff's raw and highly distinctive action sequences, several of which are strikingly similar to sequences appearing in Defendants' film, reflect Plaintiff's unique creative approach and expression. *(See Exhibit A, Part 4 for more detail.)*

25. The Plaintiff also notes that the ending of *Spider-Man: Brand New Day (2026)*, particularly the sequence involving **MJ running through a parking area alongside a police vehicle**, bears a striking resemblance to key elements and the ending of the first *TOMO* instalment. When considered cumulatively with the other similarities identified herein, such resemblance cannot reasonably be regarded as coincidental. The Plaintiff further submits that this scene is indicative of the core narrative of the Defendants' next Spider-Man film and is substantially similar to the second *TOMO* instalment, *Mahamaya (Great Mother)*. (See *Exhibit A*.)

26.

## ACCESS & WILFUL PATTERN OF MISUSE

27. Plaintiff states that he found out about **similarity across the entire film** with **strong prima facie evidence**. This indicates direct access to Defendants. "Courts have recognized that copying may be inferred from striking similarity, even in the absence of direct evidence of access." See *Gaste v. Kaiserman*, 863 F.2d 1061 (2d Cir. 1988).

28. Plaintiff submits that this is a willful pattern of Plaintiff's work misuse. Plaintiff previously filed three cases before this court, including *Gentle Monster (2026) by Marie Kreutzer* (Case No. 1:26-cv-03409 PAE) and *Parallel Tales (2026) by Asghar Farhadi's* (Case No. 1:26-cv-03651-JPO); also, five Oscar-winning *Sean Baker's Anora (2024)* (1:26-cv-5349 JHR-RFT).

29. The Plaintiff further submits that he has also initiated three (3) complaints before the Hon'ble Bombay High Court with strong prima facie evidence, including Case Nos. *(36946/2025, 37674/2025, vs Amazon Prime Video & Others) and 36959/2025 (Mythri Move Makes, Netflix & Others)*

30. Plaintiff alleges that the infringement was willful. The similarities are not limited to general narrative structure. Rather, Defendants copied numerous protectable elements throughout the film, including specific plot sequences, character arcs, scene progression, action sequences, dialogue patterns, and the unique selection, coordination, and arrangement of those elements. The pervasive nature of the similarities across the entire motion picture supports a strong inference that the copying was deliberate rather than coincidental.

31. Plaintiff alleges that Defendants' infringement was willful within the meaning of 17 U.S.C. § 504(c)(2).

## IRREPARABLE INJURY

32. Plaintiff states that *Spider-Man: Brand New Day* (2026) is the third motion picture that Plaintiff authored in 2025 and the latest instance of alleged infringement following *Gentle Monster* (2026) and *Parallel Tales* (2026), which are the subject of separate actions previously filed before this Court.

33. Plaintiff further submits that *Spider-Man: Brand New Day* contains substantial similarities to Plaintiff's screenplay, including plot and subplot structures, character arcs, scene sequences, and other original expressive elements. As a result, Defendants' film threatens to diminish the originality, uniqueness, and market value of Plaintiff's screenplay *TOMO* (2025). Plaintiff is developing two sequel instalments from November 2025, **TOMO: Mahamaya** (*Great Mother* -Part II) and the forthcoming ***TOMO:* Totalemente** *(Part III).*

Plaintiff alleges that the unauthorized use and distortion of the original expression of TOMO jeopardizes the creative integrity, commercial viability, and future exploitation of the *TOMO* franchise as a whole, causing harm that cannot be adequately remedied through monetary damages alone.

34. Plaintiff submits that Defendants' continuing and repeated misuse of Plaintiff's copyrighted work has caused and will continue to cause irreparable injury to Plaintiff's professional writing career, reputation, creative authorship, and exclusive rights under the Copyright Act.

35. Plaintiff further states that, in a previous action before this Court, *Nagnath Kharat v. Asghar Farhadi et al.*, No. 26-cv-3651-JPO, Plaintiff alleged in the First Amended Complaint, within the section addressing irreparable injury, that certain conduct was indicative of a threat to Plaintiff's upcoming film projects, including *TOMO*. Within two months thereafter, Plaintiff became aware of Defendants' film, *Spider-Man: Brand New Day*. Plaintiff submits that Defendants' actions constitute a deliberate and willful infringement of Plaintiff's original work and a disregard for Plaintiff's rights.

36. Defendants intend to release *Spider-Man: Brand New Day* on or about **July 30–31, 2026**. Plaintiff alleges that the imminent release and continued promotion of the Film will further disseminate the allegedly infringing material and cause substantial and irreparable harm to Plaintiff's rights and interests.

----------------

37. Plaintiff refers to **Exhibit A** for teaser-based substantial similarity chart in three parts; **Exhibit B** for Pamplona X short film, 6 Jule and 23 June 2025 draft; **Exhibit C** for TOMO English Translation January 12, 2026 Indian version Draft with changes Original Hollywood names; **Exhibit D** for the Tomo, Marathi- English Draft 6 September 2025; **Exhibit E**

TOMO Final Marathi Draft 20 November 2025; and **Exhibit F** for Posters, email, registration history, Instagram and Facebook released Poster of TOMO and Pamplona X.

38. Plaintiff states that the original versions of *TOMO* and *Pamplona X* were written with an intended Hollywood setting and audience. In later versions, Plaintiff modified certain character names and other elements for an Indian adaptation. However, some of the original names remained in the revised versions. Attached as Exhibit C is a translation, dated January 12, 2026, of a draft completed in November 2025. Plaintiff submits that, in Exhibit C, certain character names were retained in their original form and reflect Plaintiff's original creative expression.

39. On January 29, 2026, Plaintiff submitted a synopsis of the trilogy to a Hollywood actress through her British agent. *(*See*, Exhibit F)*

40. The court held that **specific similarities in characters and plot sequences** were enough to proceed, **favouring the plaintiff at the early stage**. *[ Benay v. Warner Bros. Entertainment, Inc., 607 F.3d 620 (9th Cir. 2010)]*

## CAUSE OF ACTION

(17 U.S.C. §§ 106 and 501)

41. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 39 as though fully set forth herein.

42. Plaintiff is the sole author and owner of the original literary and audiovisual works identified herein, including but not limited to the feature film screenplay TOMO (September 2025) and the short film PAMPLONA X (June 2025).

43. Defendants, without authorization, consent, license, or permission from Plaintiff, copied, reproduced, adapted, prepared derivative works from, and otherwise exploited protectable

elements of Plaintiff's original works in connection with the development, writing, production, direction, marketing, distribution, and exploitation of *Spider-Man: Brand New Day* (2026).

44. Plaintiff's protected expression, including plot and subplot structures, character development, scene progression, action-sequence design, dialogue patterns, visual presentation, selection and arrangement of expressive elements, and the cumulative combination of those elements. Alternatively, the degree and extent of similarity between the works is so substantial and striking as to support an inference of copying.

45. Plaintiff alleges that the original motion picture works TOMO and PAMPLONA X constitute the central creative foundation and core expressive framework of Defendants' film, with numerous protectable elements allegedly incorporated throughout the narrative, character development, scene progression, and action sequences.

46. Defendants' acts constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501. Upon information and belief, Defendants' infringement was willful, deliberate, and carried out with reckless disregard for Plaintiff's rights.

47. As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer damages, including but not limited to loss of exclusivity, diminution in value of Plaintiff's works, injury to professional reputation, loss of creative control, and impairment of future commercial opportunities.

**PRAYER FOR RELIEF**

48. **WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

A. Plaintiff respectfully prays that this Hon'ble Court be pleased to grant an ad-interim **Ex Parte Temporary Restraining Order (TRO)** restraining the Defendants from releasing, distributing, exhibiting, or promoting the impugned film, including its trailer and promotional materials, pending the hearing and final disposal of the present application.

B.  Plaintiff respectfully prays that this Hon'ble Court grant a **Preliminary Injunction** to stop the Defendants from further distributing, displaying, or advertising the infringing film, film trailer, or promotional material.

C. Plaintiff respectfully prays that this Hon'ble Court declare that Plaintiff is the **"sole author and owner"** of the original literary and screenplay work at issue in this action.

D. Plaintiff respectfully prays for an award of actual damages suffered by Plaintiff and any profits of Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504(b), together with costs of this action and such other monetary relief as may be permitted by law.

E. The Plaintiff respectfully prays that this Hon'ble Court be pleased to pass such other and further orders as this Hon'ble Court may deem fit and proper in the interest of justice.

DEMAND FOR TRIAL BY JURY

49.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury.

Dated: July 15, 2026

/s/ Nagnath Kharat

Nagnath Kharat, Pro Se

Sr. 23, Motewadi (M), Malshiras,

Dist Solapur, Maharashtra 413107, India

Email: rdbb189@gmail.com

VERIFICATION

I, Nagnath Kharat, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the

Plaintiff in the above-captioned action, that I have read the foregoing Complaint, and that the

facts stated therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Dated: July 15, 2026

/s/ Nagnath Kharat

Nagnath Kharat, Pro Se

Sr. 23, Motewadi (M), Malshiras,

Dist Solapur, Maharashtra 413107, India

Email: rdbb189@gmail.com