UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAGNATH KHARAT,

Plaintiff,

v.

MARVEL STUDIOS, LLC; SONY PICTURES ENTERTAINMENT, INC; PASCAL PICTURES, INC; CHRIS MCKENNA; ERIK SOMMERS; JUSTIN KURITZKES; and DESTIN DANIEL CRETTON,

Defendants.

26-CV-6059 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff in the above captioned action seeks, among other relief, a temporary restraining order temporarily enjoining the release of the upcoming motion picture *Spiderman: Brand New Day*, scheduled for release on August 31, 2026. Dkt. No. 1 (Compl.); Dkt. No. 9 (Pl.'s Mot.). In the Complaint, Plaintiff alleges that he "develop[ed] the superhero musical-comedy *TOMO*" and "[o]n or about August 15, 2025, . . . copyrighted through SWA notes and materials relating to the project." Compl. ¶ 21. The Court assumes that acronym "SWA" refers to the Screenwriters Association, an Indian organization. *See* https://www.swaindia.org/. He further alleges that Defendants infringed upon that copyright in producing *Spiderman: Brand New Day*. *See generally* Compl.

To establish a claim for copyright infringement, a plaintiff must show both "ownership of a copyright . . . and unauthorized copying by a defendant." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991). "To satisfy the first prong of a successful copyright action, the copyright owner generally must have registered the work with the United States Copyright Office." *Entral Grp. Int'l, LLC. v. Legend Cafe & Karaoke, Inc.*, 2007 WL 9718815, at *2 (E.D.N.Y.

June 1, 2007), R. & R. adopted, 2007 WL 9718816 (E.D.N.Y. June 27, 2007). Plaintiff does not allege that he holds a U.S. copyright in *TOMO*.

Plaintiff alleges that he is an Indian citizen creating works in India and claims that his copyrighted work is a "foreign work" for the purposes of the Copyright Act. Because India is party to the Berne Convention, the Copyright Act "extends certain protections to [Indian] works when the work is first published in [India]." However, a foreign copyright "owner (including one determined according to foreign law) may sue for infringement in a U.S. court only if he meets the standing test of 17 U.S.C. § 501(b), which accords standing only to the legal or beneficial owner of an exclusive right." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 91 (2d Cir. 1998). In this case, Plaintiff must therefore establish that he owns the exclusive right "as determined by [Indian] law." *Id.* at 92. Nowhere in the Complaint or Plaintiff's other filings does he do so: he offers no proof that registration with an Indian non-governmental organization satisfies the requirements of Indian law and, by extension, the Copyright Act. Indeed, as the SWA website itself notes, "registering your work with SWA does not take the place of registering with the Copyright Board of India." https://www.swaindia.org/faq.

No later than 10:00 a.m. tomorrow, July 29, 2026, Plaintiff shall file proof on the docket of foreign copyright ownership. If he does so, the Court will address the merits of the motion. Failure to do so, however, will lead to denial of his request for a temporary restraining order for lack of standing.

SO ORDERED.

Dated: July 28, 2026
New York, New York

Ronnie Abrams
United States District Judge