UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAGNATH KHARAT,<br><br>Plaintiff,<br><br>v.<br><br>MARVEL STUDIOS, LLC; SONY PICTURES ENTERTAINMENT, INC.; PASCAL PICTURES, INC.; CHRIS MCKENNA; ERIK SOMMERS; JUSTIN KURITZKES; and DESTIN DANIEL CRETTON,<br><br>Defendants. | 26-CV-6059 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiff, proceeding *pro se*, alleges violations of the United States Copyright Act, 17 U.S.C. §§ 101 et seq. Among other relief, he sought a temporary restraining order ("TRO") enjoining the release of the upcoming motion picture *Spiderman: Brand New Day*, alleging that it infringes on a "superhero musical-comedy" called *TOMO* that he created and claims to have copyrighted. *See* Dkt. No. 1 ("Compl.") ¶ 21; Dkt. No. 9 ("Pl.'s Mot.").

On July 28, 2026, the Court issued an order directing Plaintiff to file proof on the docket of his copyright ownership in *TOMO*, the work upon which he alleges *Spiderman: Brand New Day* infringes, by 10:00 a.m. on the following day. Dkt. No. 12 ("Jul. 28, 2026 Order"). As the Court explained in that order, a foreign copyright owner "may sue for infringement in a U.S. court only if he meets the standing test of 17 U.S.C. § 501(b), which accords standing only to the legal or beneficial owner of an exclusive right," *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 91 (2d Cir. 1998). Plaintiff failed to file proof of copyright ownership, and as a result, the Court denied his application for a TRO. Dkt. No. 14 ("Jul. 29, 2026 Order").

By August 28, 2026, Plaintiff must either (1) move for leave to file an amended complaint that adequately alleges standing or (2) show cause as to why the case should not be dismissed for lack of

standing pursuant to 17 U.S.C. § 501(b). Failure to comply with this order may result in dismissal pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

Dated: July 31, 2026
New York, New York

RONNIE ABRAMS
United States District Judge