UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAGNATH KHARAT,<br><br>Plaintiff,<br><br>v.<br><br>MARVEL STUDIOS, LLC; SONY PICTURES ENTERTAINMENT, INC.; PASCAL PICTURES, INC.; CHRIS MCKENNA; ERIK SOMMERS; JUSTIN KURITZKES; and DESTIN DANIEL CRETTON,<br><br>Defendants. | 26-CV-6059 (RA)<br><br>ORDER OF SERVICE |

RONNIE ABRAMS, United States District Judge:

In this action, Plaintiff, proceeding *pro se*, alleges violations of the United States Copyright Act, 17 U.S.C. §§ 101 et seq. Among other relief, he sought a temporary restraining order ("TRO") enjoining the release of the then upcoming motion picture *Spiderman: Brand New Day*, alleging that it infringes on a "superhero musical-comedy" called *TOMO* that he created and claims to have copyrighted. *See* Dkt. No. 1 ("Compl.") ¶ 21; Dkt. No. 9 ("Pl.'s Mot.").

On July 28, 2026, the Court issued an order directing Plaintiff to file proof on the docket of his copyright ownership in *TOMO*, the work upon which he alleges *Spiderman: Brand New Day* infringes, by 10:00 a.m. on the following day. Dkt. No. 12 ("Jul. 28, 2026 Order"). He failed to do so, and the Court denied his application for a TRO. Dkt. No. 14 ("Jul. 29, 2026 Order"). The Court then issued an order requiring Plaintiff to either (1) move for leave to file an amended complaint adequately alleging standing or (2) show cause as to why the case should not be dismissed for lack of standing pursuant to 17 U.S.C. § 501(b). *See* Dkt. No. 19. Plaintiff subsequently filed a response, maintaining his copyright ownership in *TOMO*, and arguing that Indian law does not require formal registration. *See* Dkt. No. 16 ("Response") at 2; Dkt. No. 17 ("Decl."). He also argues that his response was timely filed even though it did not appear on the docket until several days later. *See* Dkt. No. 20. Although Plaintiff contends

that his submission was timely despite its delayed appearance on the docket, the Court need not resolve that issue. Even assuming Plaintiff timely complied with the Court's July 28, 2026 Order, the Court declines to disturb its denial of the application for a TRO. When considering injunctive relief in a copyright infringement action, a movant must show "(1) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the applicant's favor; and (2) the likelihood of irreparable harm in the absence of such an order." *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303, 306 (S.D.N.Y. 2010). The Complaint and supplemental materials do not contain "sufficient factual allegations" to make a showing of likelihood of success on the merits because, at the very least, Plaintiff "has not adequately alleged that he satisfied the precondition of copyright . . . registration." *Park Ok-Gu v. Distrokid, Inc.*, 2026 WL 1649237, at *5 (S.D.N.Y. June 5, 2026). The Court will, however, allow Plaintiff to serve Defendants and be provided the opportunity to litigate this issue—as well as the plausibility of the allegations more generally—further.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Marvel Studios, LLC, Sony Pictures Entertainment, Inc., and Pascal Pictures, Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Process Receipt and Return (USM-285 form) for these Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

all of the paperwork necessary for it to effect service upon these Defendants.

The U.S. Marshals Service, however, will not be able to effect service on the remaining Defendants, Chris McKenna, Erik Sommers, Justin Kuritzkes, and Destin Daniel Cretton, without more information. Although under *Valentin v. Dinkins*, a *pro se* litigant is entitled to reasonable assistance from the Court with respect to discovering a defendant's service address, 121 F.3d 72, 76 (2d Cir. 1997), here, the Complaint does not provide addresses for any of the individual Defendants, *see* Dkt. No. 2 ("Civil Cover Sheet"), or sufficient identifying information to permit the Court to issue a *Valentin* order. The Complaint, for instance, does not allege the states in which the individual Defendants reside or work, nor does it allege whether any of them are employees of the corporate Defendants. If Plaintiff provides sufficient identifying information for these individuals, the Court will consider issuing a Valentin order or otherwise directing the U.S. Marshals Service to effect service on them, but declines to do so at this time.

If the Complaint is not served within 90 days after the date the summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Finally, Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

SO ORDERED.

Dated: August 5, 2026
New York, New York



RONNIE ABRAMS
United States District Judge

**SERVICE ADDRESS FOR DEFENDANTS**

1. Marvel Studios, LLC
   CSC – Lawyers Incorporating Service
   2710 Gateway Oaks Drive, Suit 150 N
   Sacramento, CA 95833

2. Sony Pictures Entertainment, Inc.
   c/o CSC – Lawyers Incorporating Service
   2710 Gateway Oaks Drive, Suit 150 N
   Sacramento, CA 95833

3. Pascal Pictures, Inc.
   c/o eResident Agent, Inc.
   9000 Sunset Boulevard
   West Hollywood, CA 90069