STL | LA
www.berrysilberberg.com

BERRY SILBERBERG STOKES
ATTORNEYS AT LAW
A Professional Corporation

155 NORTH LAKE AVENUE, SUITE 800
PASADENA, CALIFORNIA 91101

This request is GRANTED since the Clerk's Certificate of Default was entered prematurely and in error. **The Clerk of Court is directed to vacate the certificate of default entered against Defendant Sony.** SO ORDERED.

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
November 5, 2026

October 30, 2026

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square,
Room 2203
New York, NY 10007

*Re:* *Nagnath Kharat v. Marvel Studios, LLC, et al*
*Civil Action No: 1:26-cv-6059-RA*
*Letter Request/Motion To Vacate Clerk's Certificate of Default (ECF No. 33)*

Your Honor:

Pursuant to Federal Rule of Civil Procedure 55(c), Defendant Sony Pictures Entertainment Inc. ("Sony") respectfully submits this letter-motion to vacate the Clerk's Certificate of Default entered against Defendant Sony on October 21, 2026 (ECF No. 33). Good cause exists to vacate the default immediately because it was entered prematurely and in error. As set forth below, Sony's time to answer or otherwise respond to the Complaint has not yet expired. Consequently, there has been no willfulness, no prejudice, and Sony does have a meritorious defense. *See, e.g.*, *Cheng Zhen Li v. E. Seafood Rest. Inc*., 2011 WL 13377372, *2 (E.D.N.Y. Mar. 16, 2011).

On August 24, 2026, Sony received a letter from the U.S. Marshall's Service regarding service in this case, including an acknowledgement and waiver of service form attached thereto. The letter stated that pursuant to the standing order of the Court, if the acknowledgment form is returned within 30 days of receipt, defendant will have 60 days from the date the defendant mails the acknowledgement to answer or otherwise respond to the complaint. (*See* ECF No. 29.)

On September 22, 2026 – less than 30 days later – Sony timely signed and mailed back the acknowledgement form, which provided Sony with 60 days (up to and through November 23, 2026) to respond to the Complaint. (ECF 29.) The entries on the docket confirm this 60-day

response period. (ECF No. 29). Apparently, however, Sony's acknowledgment form was initially mis-docketed by the clerk as "served" with a 21-day response time, rather than using the 60-day response period under the applicable waiver of service rules. Upon discovering this issue, we promptly contacted the clerk's office to address the incorrect information. On October 20, 2026, the clerk modified the docket entry to reflect the actual response date of November 23, 2026. (ECF No. 29.)

Despite the above, and despite the fact that Sony's responsive pleading is not yet due, Plaintiff filed a Proposed Clerk's Certificate of Default (ECF No. 31) and a Clerk's Certificate of Default was incorrectly entered on the docket on October 21, 2026 (ECF No. 33). Consequently, Sony respectfully requests the Court vacate the Clerk's Certificate of Default (ECF No. 33) forthwith.

We are submitting this letter after learning of the default this morning. The clerk's office instructed us to address this issue by letter to the Court. If the Court needs any additional information, we are happy to provide it.

Respectfully submitted,

/s/ *Carol M. Silberberg*
Carol M. Silberberg

cc: Plaintiff Nagnath Kharat (via ECF and email)