UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAGNATH KHARAT,

Plaintiff,

v.

MARVEL STUDIOS, LLC; SONY PICTURES ENTERTAINMENT, INC; PASCAL PICTURES, INC; CHRIS MCKENNA; ERIK SOMMERS; JUSTIN KURITZKES; and DESTIN DANIEL CRETTON,

Defendants.

26-CV-6059 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Pending before this Court is *pro se* Plaintiff Nagnath Kharat's motion for reconsideration of the Court's July 29, 2026 order denying his motion for a temporary restraining order ("TRO") enjoining the release of *Spider-Man: Brand New Day*. *See* Dkts. 14 ("July 29 Order"), 20 ("Mot. for Reconsideration"). The Court has also ordered Plaintiff to show cause why the case should not be dismissed for lack of standing. Dkt. 19 ("July 31 Order"). For the reasons that follow, the motion is denied, although the Court will not dismiss the case *sua sponte* at this early stage. The Court also denies Plaintiff's motion for leave to file exhibits under seal.

## BACKGROUND

On July 24, 2026, Plaintiff filed an *ex parte* motion for a TRO enjoining the July 31 release of the motion picture *Spider-Man: Brand New Day*, alleging that the film infringes his original works. *See* Dkts. 1 ("Compl."), 9 ("Mot. for TRO"). He asserts that the promotional materials and trailers for *Spider-Man: Brand New Day* contain "specific dialogue, plot and subplot elements, scenes, shot composition, character arcs, core narrative structure, and action sequences with

specific selection and arrangement" that duplicate elements contained in his unpublished screenplays for "*Pamplona X*," a science-fiction short film, and "*TOMO*," a superhero musical comedy. Mot. for TRO at 2 (emphasis omitted); Compl. ¶¶ 20–25. Plaintiff has filed similar actions in this District alleging that his original works were infringed by the 2026 film *Gentle Monster* (*see Kharat v. Kreutzer*, No. 26-CV-3409), the 2026 film *Parallel Tales* (*see Kharat v. Farhadi*, No. 26-CV-3651), the 2024 film *Anora* (*see Kharat v. FilmNation Entertainment, LLC*, No. 26-CV-5349), the 2018 film *Roma* (*see Kharat v. Netflix, Inc.*, No. 26-CV-8397), and the 2026 music album *Arirang* (*see Kharat v. BIGHIT MUSIC Co.*, No. 26-CV-8699).

Plaintiff, who asserts that he is an Indian citizen, claims that his original works are "foreign works" copyrighted in India for purposes of the Copyright Act. At the time he moved for a TRO, however, he had not plausibly alleged in the Complaint or in his other filings that he was the "legal or beneficial owner of an exclusive right" as "determined by [Indian] law," as he must in order to have standing to sue for copyright infringement under 17 U.S.C. § 501(b). *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 91–92 (2d Cir. 1998). On July 28, the Court ordered Plaintiff, "[n]o later than 10:00 a.m. tomorrow, July 29, 2026," to "file proof on the docket of foreign copyright ownership" or have his request for a TRO denied for lack of standing. Dkt. 12 at 2 ("July 28 Order").

On July 29 at 9:46 a.m. EDT, Plaintiff submitted a response to the July 28 Order via email to the Court's Pro Se Intake Unit. Dkt. 16 ("Response to July 28 Order"); *see* Mot. for Reconsideration, Ex. 1 (email to Pro Se Intake Unit). His response, however, was not entered on the docket and received by the Court until July 31, 2026. Later on July 29, the Court—not then in receipt of Plaintiff's response—denied his motion for a TRO for lack of standing. *See* July 29 Order. On July 30, 2026, Plaintiff submitted the instant motion for reconsideration of the Court's

July 29 Order, which was entered on August 3.

On July 31, 2026, the Court ordered Plaintiff, no later than August 28, either to "move for leave to file an amended complaint that adequately alleges standing" or to "show cause as to why the case should not be dismissed for lack of standing," and warned that failure to comply could result in dismissal pursuant Federal Rule of Civil Procedure 41(b). July 31 Order.

## LEGAL STANDARD

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Eckhart v. Fox News Network, LLC*, No. 20-CV-5593, 2022 WL 4579121, at *1 (S.D.N.Y. Sept. 29, 2022).[1] A court will grant reconsideration when a movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

A party seeking a TRO or a preliminary injunction in a copyright infringement action must demonstrate that (1) he has established either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation; (2) he is likely to suffer irreparable injury; (3) remedies at law, such as monetary damages, are inadequate to compensate for that injury; (4) the balance of hardships between the plaintiff and defendant tips in the plaintiff's favor; and (5) the public interest would not be disserved by the issuance of interim relief. *See Trs. of Columbia Univ. in City of N.Y. v. Encyclopaedia Iranica Found.*, Nos. 19-CV-7465, 19-CV-8562, 2020 WL 8737020, at *1 (S.D.N.Y. July 31, 2020).

[1] Unless otherwise noted, case quotations omit all internal quotation marks, citations, footnotes, omissions, and emphases and adopt all alterations in quoted text.

## DISCUSSION

### I. Motion for Reconsideration

Plaintiff moves for reconsideration of the Court's July 29 Order denying his motion for a TRO, arguing that he "timely compli[ed] with the Court's July 28, 2026 Order" by submitting proof of his ownership of a foreign copyright via email to the Pro Se Intake Unit, even though it was docketed later. Mot. for Reconsideration at 1.

Given the "finite resources of the Court," including the services it provides to *pro se* litigants, *Miller v. Apple Inc.*, No. 25-CV-1172, 2025 WL 1195950, at *1 (S.D.N.Y. Apr. 22, 2025), it can be difficult to avoid certain delays between the submission of filings by *pro se* litigants to the Pro Se Intake Unit and the docketing of such filings. In general, if a *pro se* litigant "wishes to avoid filing delays from emailing filings to the Pro Se Intake Unit, []he may request . . . permission for electronic filing in *pro se* cases by filing an appropriate motion," *Bhagat v. Smith*, No. 24-CV-1424, 2025 WL 1658284, at *1 (S.D.N.Y. June 11, 2025), which is available at https://nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases. In any event, under these circumstances, the Court will treat Plaintiff's Response to the July 28 Order as timely. *See, e.g.*, *Marquez v. Hoffman*, No. 18-CV-7315, 2019 WL 13550389, at *1 (S.D.N.Y. Nov. 26, 2019) (vacating an order issued while the court was "unaware of" a yet-to-be-docketed *pro se* filing).

A foreign copyright "owner (including one determined according to foreign law) may sue for infringement in a U.S. court only if [he] meets the standing test of 17 U.S.C. § 501(b), which accords standing only to the legal or beneficial owner of an exclusive right." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 91 (2d Cir. 1998). When determining ownership of an exclusive right under a foreign copyright, "a court must look to the law of the

country in which the work originated." *Great Bowery Inc. v. Valnet, Inc.*, 812 F. Supp. 3d 338, 354 n.14 (S.D.N.Y. 2025) (quoting Raymond J. Dowd, *Copyright Litigation Handbook* § 8:3 (2d ed. 2024)). "Thus, the Court must . . . assess whether Plaintiff owns an exclusive right, as determined by Indian law." *Shah v. Netflix, Inc.*, No. 24-CV-6925, 2025 WL 2793703, at *8 (S.D.N.Y. Sept. 30, 2025). In his Response to the July 28 Order, Plaintiff maintains that, under the Copyright Act of India, copyright in an original literary work arises upon creation and fixation (in writing or otherwise) of the work and is not dependent upon registration. Response to July 28 Order at 2. That assertion appears to be supported by Sections 2(h), 13, and 17 of that Act. *See id.*; Dkt. 16-4 (excerpts of the Copyright Act of India) at 2–7. Section 45 of the Act provides that a copyright owner "*may* make an application . . . for entering particular works in the Register of Copyrights," but it does not explicitly require registration for ownership to arise. Dkt. 16-4 at 8 (emphasis added); *see* Dkt. 16-3 (*Sanjay Soya Private Ltd. v. Narayani Trading Co.* (High Court of Bombay Mar. 9, 2021)) at 22 & n.17, 25–26 (concluding that "registration of a copyright is not mandatory" and collecting authorities).

Even assuming that Plaintiff has met the standing test under 17 U.S.C. § 501(b),[2] however, he still has not shown a likelihood of success on, or sufficiently serious questions going to, the merits of his copyright infringement claim. "In the absence of direct evidence of copying, copyright infringement requires showing (a) that the defendant had *access to the copyrighted work*

[2] The Court need not, at this stage, decide definitely whether Plaintiff has an exclusive right under Indian law, because the standing test of 17 U.S.C. § 501(b) is not a "limitation derived from Article III's standing requirement" but rather "spells out who has enforceable rights under the [Copyright Act]; someone who does may sue, and someone who does not has failed to state a claim upon which relief may be granted." *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 275 n.12 (S.D.N.Y. 2014) (quoting *HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 381 (7th Cir. 2011)); *see Evolution Fast Food One, LP v. HVFG, LLC*, 720 F. Supp. 3d 251, 259 (S.D.N.Y. 2024) ("[Article III standing] is a constitutionally imposed limit on a federal court's power to hear a case. Statutory standing, by contrast . . . refers to a nonjurisdictional inquiry that does not implicate the court's statutory or constitutional power to adjudicate the case. Instead, it concerns whether a plaintiff has a cause of action under the statute.").

and (b) the substantial similarity of protectible materials in the two works." *Fulks v. Knowles-Carter*, 207 F. Supp. 3d 274, 278 (S.D.N.Y. 2016) (emphasis added). Plaintiff's works are unpublished, and he offers no concrete factual allegations of Defendants having had access to them. Instead, he contends that "similarity across the entire film" on its own "indicates direct access [of his works] to Defendants." Compl. ¶ 27. But while truly "striking similarity" can be enough on its own to raise an inference of access, that inference "must be reasonable in light of all the evidence," such that "the evidence as a whole . . . preclude[s] any reasonable possibility of independent creation." *Gaste v. Kaiserman*, 863 F.2d 1061, 1067–68 (2d Cir. 1988). The commonalities put forth by Plaintiff at this stage do not come close to meeting that standard. They range, for example, from overlapping dialogue and plot elements surrounding broad themes like "world-threatening dangers, biological mutations, laboratory-created life, organic biological features, tracking technologies, and the role of ordinary individuals in confronting larger threats," Dkt. 9-1 ("*TOMO*/*Spider-Man* Comparisons") at 35, to vaguely similar visual elements like "an electrically charged hand-mounted device," *id.* at 21, or a "FACELESS VILLAIN" related to "VIRUS and Mind controlling," *id.* at 23; *see also* Dkt. 9-2 ("*Pamplona X*/*Spider-Man* Comparisons"). These elements do not—either individually or as a whole—appear to make *Spider-Man: Brand New Day* so strikingly similar to Plaintiff's works as to "preclude any reasonable possibility" that Defendants created it independently.

Accordingly, Plaintiff has not established a likelihood of success on, or sufficiently serious questions going to, the merits of his copyright infringement claim to warrant a TRO.

## II. Order to Show Cause

In light of Plaintiff's Response to the July 28 Order—which, at least on its face, appears to support his assertion of ownership of a foreign copyright under Indian law—the Court deems him

to have shown cause pursuant to the July 31 Order why the case should not be dismissed *sua sponte* for lack of standing.

**III. Motion to Seal**

On July 21, 2026, Plaintiff filed a motion for leave to file exhibits containing his original screenplays under seal. Dkt. 7 ("Mot. to Seal"). As in other actions filed by Plaintiff in this District, his "copyright claim is based on the screenplays, the copyright to which Plaintiff contends has been infringed by Defendants." *Kharat v. Kreutzer*, No. 36-CV-3409, 2026 WL 2754558, at *1 (S.D.N.Y. Sept. 17, 2026). "The screenplays are thus judicial documents as they are at the heart of Plaintiff's copyright claim." *Id.* "As such, a strong presumption of access applies, and Plaintiff has not overcome that presumption of access." *Id.*; *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is denied, though the Court finds that Plaintiff has shown cause why the case should not be dismissed *sua sponte* at this time. The Court denies Plaintiff's motion for leave to file exhibits under seal. To the extent Plaintiff seeks to pursue this action further, the filings at Dkt. 7 and 13 must be unsealed. No later than November 30, 2026, Plaintiff shall notify the Court whether he seeks to pursue this case. The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 7, 20, and 27.

SO ORDERED.

Dated: November 9, 2026
New York, New York

Ronnie Abrams
United States District Judge